UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Maureen Dodson, | ) | Civil Action No.: 4:17-cv-01846-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Conway Hospital, Inc., d/b/a | ) | |
| Conway Medical Center, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This employment case was originally filed in the Court of Common Pleas for Horry County, South Carolina. Plaintiff Maureen Dodson ("Dodson") has alleged claims for violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and violation of the South Carolina Human Affairs Law ("SCHAL"). Defendant Conway Hospital, Inc. ("Conway Hospital") removed the case to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1441, on July 13, 2017.

Pending before the Court is Conway Hospital's [ECF No. 22] motion for summary judgment. This matter is before the Court with the Report and Recommendation ("R&R") [ECF No. 54] of Magistrate Judge Thomas E. Rogers, III filed on January 29, 2019.[1] The Magistrate Judge recommended that Conway Hospital's motion for summary judgment be granted and this case dismissed in its entirety. Dodson filed objections to the Report and Recommendation on February 12, 2019. Conway Hospital filed a Reply on February 25, 2019.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02(B)(2)(g).

**Factual Background**

The factual background was accurately set forth in the Magistrate Judge's R&R and neither party has objected to the R&R's statement of the facts. Accordingly, the Court adopts and incorporates the R&R's statement of facts without objection.

To briefly summarize, Dodson began her employment with Conway Hospital as an occupational therapist/certified hand therapist in 2009 at the age of 55. On May 7, 2016, Dodson filed a Charge of Discrimination with the South Carolina Human Affairs Commission ("SHAC") and the Equal Employment Opportunity Commission ("EEOC"). Dodson's first charge of discrimination alleged age discrimination based on the discontinuation of her benefits and the denial of a promotion from part-time to full-time on March 21, 2016. SHAC issued a Dismissal and Right to Sue Notice on July 23, 2016, and the EEOC issued its Dismissal and Right to Sue Notice on August 24, 2016. Upon receipt of the right to sue letter from the EEOC, Dodson had ninety days within which to file a civil action raising federal discrimination claims. Dodson did not initiate a civil action within ninety days of receipt of her Right to Sue Notice.

On January 13, 2017, Dodson filed a second Charge of Discrimination with SHAC and the EEOC alleging age discrimination and retaliation based on her loss of hours. Dodson stated in her charge that "[a]bout four or five months ago the need for Hand Therapy care began to decrease. Rather than lay off Aaron Hardee, 29, who was most recently hired and restoring me to additional hours, my patients have been assigned to Mr. Hardee resulting in a significant loss of hours to me." [Second Charge of Discrimination, ECF NO. 55-5]. Dodson received a Right to Sue Notice dated April 4, 2017.

Dodson filed the present action on May 23, 2017.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the

3

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

**I.**     **Timeliness of Action**

Dodson filed two charges of discrimination with SHAC and the EEOC. The first Charge of Discrimination dated May 7, 2016, alleged age discrimination based on the discontinuation of Dodson's benefits and the denial of a promotion from part-time to full-time in March of 2016. The

4

second Charge of Discrimination dated January 13, 2017, alleged age discrimination and retaliation based on Dodson's loss of hours in January 2017.

The Magistrate Judge found that Dodson's claims in her first Charge of Discrimination (i.e., age discrimination based on the discontinuation of her benefits and the denial of a promotion from part-time to full-time) were not properly before the Court because Dodson did not file a civil action within ninety days of receipt of her first Right to Sue letter. The Magistrate Judge did, however, note that even though Dodson's claims in the first Charge of Discrimination were time-barred, those discriminatory allegations set forth in the first Charge of Discrimination could be used as background evidence for Dodson's timely claim (i.e. her second Charge of Discrimination based on loss of hours). *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

Before filing suit under the ADEA, a plaintiff must exhaust her administrative remedies by first filing a charge of age discrimination with the EEOC. *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007). After filing an EEOC charge, the prospective plaintiff must wait at least sixty (60) days before filing a lawsuit under the ADEA. 29 U.S.C. § 626(d). However, the prospective plaintiff has no more than ninety (90) days after receipt of the EEOC's Notice of Right to Sue to file suit. 29 U.S.C. § 626(e).

In this case, Dodson's first Right to Sue letter was dated August 24, 2016. [Dodson dep., ECF No. 32-1 at 43]. This lawsuit was not filed until May 23, 2017, well over 90 days after Plaintiff received her first Right to Sue letter. Accordingly, Dodson's claims for age discrimination set forth in her first Charge of Discrimination (discontinuation of benefits and failure to promote) are time-barred. The only alleged adverse employment action timely and properly before the Court is Dodson's loss of hours in January 2017.

5

Although Dodson does not specifically address the failure to file suit within 90 days of receipt of her first Right to Sue letter, she argues her failure to timely file should be excused because her first Charge of Discrimination is a "linked or related claim" to her second Charge of Discrimination. Dodson relies on *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992), for the principle "that the scope of a Title VII lawsuit may extend to any kind of discrimination like or related to the allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." 958 F.2d at 590. However, Dodson miscontrues *Nealon*. The "linked or related claim" in *Nealon* did not operate to extend or excuse the requirement that a civil action be filed within 90 days of receipt of the Right to Sue letter. Rather, the "linked or related claim" in *Nealon* operated to allow the federal court to hear claims that the employee did not first raise before the EEOC. *See Nealon*, 958 F.2d at 590.

Dodson also argues that her failure to file suit within 90 days of receipt of her first Right to Sue letter should be excused because the continuing violation theory applies. Citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), Dodson argues that the January 2017 "loss of hours" is sufficiently similar to the allegations in her first Charge of Discrimination and the Court should consider all of the acts alleged by Dodson when evaluating Dodson's claim and determining Conway Hospital's liability. Contrary to Dodson's arguments, *Morgan* does not extend the time that a plaintiff must initiate a civil action following receipt of a Right to Sue letter. In *Morgan*, the U.S. Supreme Court held that an employee could recover on a hostile work environment theory for acts occurring more than 300 days before an EEOC charge was filed, as long as the acts were part of the same unlawful employment practice and at least one hostile act occurred within the 300 day period. *Morgan*, 536 U.S. at 122. *Morgan* does not apply to this case as Dodson did not allege a hostile

work environment claim. Further, *Morgan* does not excuse Dodson's failure to initiate a civil action within 90 days of the receipt of her first Right to Sue letter.

Dodson's claims for age discrimination set forth in her first Charge of Discrimination (discontinuation of benefits and failure to promote) are time-barred.[2] The only claims properly before the Court are Dodson's age discrimination and retaliation claims based on her January 2017 loss of hours, which are set forth in her second Charge of Discrimination.

## II.     Age Discrimination

Dodson claims that she was discriminated against on the basis of her age when her hours were reduced after her patients were reassigned to Aaron Hardee, age 29. This loss of hours occurred in or around January 2017. The Magistrate Judge recommended granting summary judgment on this claim after concluding that Dodson failed to present direct evidence of age discrimination and failed to present sufficient evidence to create an issue of fact as to whether Conway Hospital's reason for reducing her hours was a pretext for discrimination based on age.

The ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 283 (4th Cir.2004) (en banc). A plaintiff bringing a disparate-treatment suit pursuant to the ADEA must prove that age was not merely a motivating factor of the challenged adverse employment action but was in fact its "but-for"

---

[2]     As the Magistrate Judge recognized in the R&R, the discriminatory allegations contained in Dodson's first Charge of Discrimination (discontinuation of benefits and failure to promote) can still be used as background evidence for Dodson's valid claims. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

7

cause. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). To do so, the plaintiff may either present direct or circumstantial evidence of the employer's discriminatory animus or proceed under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973); *Gross*, 557 U.S. at 175 n. 2; *Hill*, 354 F.3d at 284.

Regardless of the method chosen, it remains the plaintiff's ultimate burden to prove by a preponderance of the evidence that his or her age was the but-for cause of the adverse employment action. *See Gross*, 129 S.Ct. at 2351.

Dodson asserts that she has presented sufficient direct evidence of age-based discriminatory animus. Specifically, Dodson alleges that her supervisor, Dennis Finley, made derogatory remarks about her age by asking her when she planned to retire. Finley also allegedly stated that he had to hire someone else for the full-time position because Dodson might have "age-related issues in the future." The Magistrate Judge found these statements did not constitute direct evidence of age discrimination because the comments were too remote in time and were not contemporaneous to Dodson's January 2017 loss of hours. Finley's two questions regarding when Dodson might retire occurred several years prior to Dodson's January 2017 loss of hours. *See* [Dodson depo. pgs. 39-41;43-44, ECF No. 32-1 at 11-12]. Finley's other statement - that he hired another individual for the full-time position because Dodson might have age-related issues in the future - was allegedly made in February 2016, eleven months prior to Dodson's loss of hours in 2017. *See* [Dodson depo. pgs. 126-27, 133-34, ECF No. 32-1 at 33-35].

Although "isolated statements can constitute direct evidence of discrimination, the statements must be contemporaneous to the adverse employment action." *McCray v. Pee Dee Reg'l Transp. Auth.*, 263 F. App'x 301, 306 (4th Cir. 2008) (citing *Birkbeck v. Marvel Lighting Corp.*, 30

8

F.3d 507, 511-12 (4th Cir. 1994)); *See also Bienkowski v. Jordan Properties, Inc.*, No. CA 4:11-2452-RBH-KDW, 2013 WL 806330, at *7 (D.S.C. Feb. 14, 2013), report and recommendation adopted sub nom. *Beinkowski v. Jordan Properties, Inc.*, No. 4:11-CV-02452-RBH, 2013 WL 810298 (D.S.C. Mar. 5, 2013) (holding that comments made three months prior to termination too remote to be considered direct evidence); *Brown v. Nguyen*, No. CIV.A.708-817-HFFWMC, 2010 WL 836819, at *15 (D.S.C. Mar. 5, 2010) (holding comments made four months prior and unrelated to adverse employment action too remote to be direct evidence); Sweet v. Bank of Am., N.A., No. 1:09CV148, 2010 WL 11541904, at *3 (M.D.N.C. Mar. 18, 2010), report and recommendation adopted, No. 1:09 CV 148, 2010 WL 11541808 (M.D.N.C. June 3, 2010) (finding comments made one year prior to adverse employment action too remote to constitute direct evidence).

In her objections, Dodson claims that Finley's statements constitute direct evidence of discrimination because the statements had a close temporal proximity to her reduction in hours, denial of benefits, and denial of a full-time position. However, as explained above, the only adverse employment action properly before the Court is Dodson's loss of hours in January 2017. Finley's statements are too remote to constitute direct evidence of discriminatory animus with respect to the January 2017 loss of hours. The Court agrees with the Magistrate Judge's characterization of these statements. Finley's statements were innocuous and wholly unrelated to Dodson's loss of hours. As Dodson points to no other evidence that could be construed as direct evidence of discrimination, the Court agrees with the Magistrate Judge that Dodson failed to present sufficient direct evidence of age discrimination with respect to her January 2017 loss of hours.

The Magistrate Judge also analyzed Dodson's claim under the *McDonnell Douglas* burden shifting framework. There are three steps in the *McDonnell Douglas* framework: (1) the plaintiff

must establish a prima facie case of discrimination; (2) if the plaintiff presents a prima facie case, then the burden shifts to the defendant to show a legitimate and non-discriminatory reason for the adverse employment action; and (3) if the defendant shows such a reason, then the burden shifts to the plaintiff to prove that the reason was a pretext for discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 802-04. Here, Conway Hospital assumes for summary judgment purposes that Dodson can establish a prima facie case of discrimination with respect to her January 2017 loss of hours. Conway Hospital, however, has advanced a legitimate, non-discriminatory reason for the January 2017 loss of hours. Conway Hospital asserts that Dodson's hours were reduced because the demand for occupational therapy decreased, and once the demand decreased, Dodson's hours were reduced based on a company-wide policy, which dictated that part-time employee's hours would be reduced before full-time employees whenever a reduction in hours was necessary.

In recommending that summary judgment be granted, the Magistrate Judge found that Dodson failed to present sufficient evidence to create an issue of fact as to whether Conway Hospital's reason for reducing her hours was a pretext for discrimination. In other words, Dodson failed to rebut Conway Hospital's legitimate, non-discriminatory reason for the loss of hours.

In her objections, Dodson insists that Conway Hospital's proffered reason for reducing her hours was a pretext for discrimination because her reduction in hours was due to a "retroactive policy" that was only enforced against her. The evidence in the record is that the policy in question - Reduction in Work Hours/Reduction in Force - was reduced to writing in March of 2017 (after Dodson's loss of hours). While this policy was only reduced to writing in March of 2017, the policy was in place for several years prior to January 2017. Dodson testified in her deposition that she assumed this had been Conway Hospital's policy for years and there is no evidence in the record to

10

suggest otherwise. [Dodson depo. pgs. 193-94, ECF No. 32-1 at 49-50]. The policy itself, which was attached to Dodson's objections, states "New Policy that documents no changes to current practice and protocol." [ECF No. 55-9 at 3].

It is undisputed that the need for occupational therapy decreased towards the end of 2016 and that Conway Hospital had to close the two satellite offices it had opened for occupational therapy. It is further undisputed that there was not enough demand for therapy to support the current amount of hours worked by the currently employed therapists. Pursuant to the policy Conway Hospital had in place, there was a hierarchy of positions that would lose their hours when a reduction in hours was necessary. The policy provided that part-time employees, such as Dodson, would lose hours before full-time employees, such as Aaron Hardee. As Dodson was the only part-time employee in the Department, Dodson's hours were the only hours impacted. There is insufficient evidence to suggest that this policy was created or utilized as a pretext to discriminate against Dodson based on her age. Dodson has failed to carry her burden under the *McDonnell Douglas* framework.

As noted above, a plaintiff alleging an ADEA age discrimination claim may either present direct or circumstantial evidence of the employer's discriminatory animus or proceed under the *McDonnell Douglas* framework. Regardless of the method chosen, the plaintiff's ultimate burden is to prove by a preponderance of the evidence that his or her age was the but-for cause of the adverse employment action. *See Gross*, 129 S.Ct. at 2351. In this case, Dodson has failed to establish evidence sufficient to create a question of fact as to whether her age was the but-for cause of her reduction in hours in January 2017.

Conway Hospital is entitled to summary judgment on Dodson's age discrimination claim brought under the ADEA. Also, for the same reasons, Conway Hospital is entitled to summary judgment on Dodson's claim of discrimination under the SCHAL.[3] *See Taylor v. Cummins Atl., Inc.*, 852 F. Supp. 1279, 1283 (D.S.C. 1994), aff'd, 48 F.3d 1217 (4th Cir. 1995) (noting that discrimination claims under the ADEA and the SCHAL can be considered and decided simultaneously).

### III. Retaliation

Dodson also alleged that Conway Hospital retaliated against her when they reduced her hours in January 2017 after she filed charges of discrimination with the EEOC and SHAC. The ADEA makes it unlawful for an employer to discriminate against any of his employees or applicants because such individual "has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d).

To establish a prima facie case of retaliation under the ADEA, a plaintiff must show that (1) he engaged in protected activity; (2) his employer took an action against him that a reasonable employee would find materially adverse; and (3) the employer took the materially adverse employment action because of the protected activity. *See, Baqir v. Principi*, 434 F.3d 733, 748 (4th Cir. 2006); *accord Foster v. Univ. of Md.–E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015);

---

[3] The ADEA makes it "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). The SCHAL contains a similar prohibition. See S.C.Code Ann. § 1–13–80. Here, there was no objection to the dismissal of the SCHAL claim on the same basis as the federal claim.

12

*Boyer–Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271 (4th Cir. 2015) (en banc); *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 410 (4th Cir. 2013). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). If the employer meets this burden, the plaintiff must then prove by a preponderance of the evidence that the employer's stated reasons were not its true reasons, but were in fact a pretext for retaliation. *Hoyle*, 650 F.3d at 337; *Mercer v. PHH Corp.*, 641 Fed. Appx. 233, 240 (4th Cir. 2016). In order to establish pretext, a retaliation plaintiff must prove that his or her protected activity was a but-for cause of the adverse employment action by the employer. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2532-34 (2013); *Foster*, 787 F.3d at 252.

The Magistrate Judge recommended granting summary judgment on Dodson's retaliation claim because Dodson failed to show that the policy Conway Hospital followed in reducing Dodson's hours was not the true policy at the time, but was a pretext for retaliation. Again, Dodson claims that Conway Hospital's stated reason for reducing her hours was a pretext for retaliation because the reduction of her hours was the result of a "retroactive policy" that was applied only against her.

Dodson has failed to point to sufficient evidence in the record to create an issue of fact as to whether Conway Hospital fabricated the Reduction in Work Hours/Reduction in Force policy as a pretext for retaliation. Dodson does not dispute that the work load decreased and there was not enough work to keep three occupational therapists busy. There is insufficient evidence to create a question of fact as to whether Conway Hospital's stated reason for reducing Dodson's hours was not its true reason, but a pretext for retaliation. In sum, Dodson has failed to create a question of fact as

to whether her filing charges with the EEOC and SHAC was a but-for cause of her January 2017 loss of hours.

Accordingly, Conway Hospital is entitled to summary judgment on Dodson's retaliation claim.

## **Conclusion**

Having reviewed the record and applicable law, the Court respectfully adopts and incorporates the Magistrate Judge's Report and Recommendation [ECF No. 54]. Defendant Conway Hospital's [ECF No. 22] motion for summary judgment is **GRANTED**. This case is **DISMISSED** with prejudice.

IT IS SO ORDERED.

| | |
|---|---|
| March 31, 2019 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |