UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Maureen Dodson, | ) | Civil Action No.: 4:17-cv-01846-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Conway Hospital, Inc., d/b/a Conway Medical Center, | ) | |
| Defendant. | ) | |

This case was dismissed on summary judgment in favor of Defendant Conway Hosptial, Inc., d/b/a Conway Medical Center on April 1, 2019. [Judgment, ECF No. 59]. This matter is now before the court on Defendant's Petition for Costs filed on April 15, 2019. Plaintiff filed a memorandum in opposition to Defendant's Petition for Costs.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (citing 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2668 at 232 (3d ed. 1998)). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so.'" *Cherry*, 186 F.3d at 446 (quoting *Teague v. Bakker*,

35 F.3d 978, 996 (4th Cir. 1994) (internal quotations and citations omitted)).

"Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Id.* (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n.14 (1981)). Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *See Teague*, 35 F.3d at 996.

Defendant seeks an award of costs in the amount of $2,411.70. Specifically, Defendant seeks to recover the filing fee for removing the case to federal court ($400.00) and the costs associated with three depositions that were cited in the Report and Recommendation ($2,011.70). Plaintiff argues that because she brought her case in good faith, it was a very close case, she is of modest means, and was the victim of a downturn in the Defendant's hand clinic business, it would be inequitable to tax her with these costs. However, there is insufficient evidence in the record to suggest that Plaintiff is of modest means. Additionally, contrary to Plaintiff's assertion, this was not a close case. Plaintiff has failed to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party.

The expenses that may be taxed are listed in 28 U.S.C. § 1920, and include the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where

the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Pursuant to Rule 54(d) and 28 U.S.C. § 1920, Defendant is entitled to the following costs:

1). Fees of the Clerk - $400.00

2). Fees for printed or electronically recorded transcripts necessarily obtained for use in the case - $2,011.70

Total taxable costs: $2,411.70.

## Conclusion

Based on the foregoing, it is hereby **ORDERED** that Defendant's Petition for Costs is **GRANTED** in the amount of $2,411.70.

**IT IS SO ORDERED.**

May 24, 2019  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge